IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DAVID A. ANDERSON                                        PETITIONER

v.                NO. 4:21-cv-00563 BRW-PSH

DEXTER PAYNE                                           RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

The record reflects that petitioner David A. Anderson ("Anderson") was convicted in an Arkansas state trial court of first-degree murder and sentenced to life in prison. He was placed in the custody of the Arkansas Department of Correction ("ADC"), where he remains to this day.

On May 3, 2021, Anderson was charged in a major disciplinary with six code violations. The facts underlying the charge are as follows:

> On March 28th, 2021 at approx. 2:00 pm I, Lt. Ashlee Shabazz received confidential statement stating the Inmate Eddie Orr ... has a cellphone and sells K-2 synthetic marijuana and that Inmate David Anderson ADC# 087368 (TE Date: Life Sentence-Discharge Date: Life Sentence) was holding the contraband for him in the wall area located behind his assigned rack. Myself and available staff went inside 19 barracks and conducted a search of both inmates Orr, E & Anderson, D and to no avail there was no contraband found on their person. Then we searched the wall area which was the pipe chase behind Inmate Anderson assigned rack. Once we unscrewed and pulled the wall covering off the wall we noticed several wrapped unknown items located inside the pipe chase area. The items were immediately confiscated and photos were taken. When the items were unwrapped it revealed a cellphone, phone batteries and a stack of rolling papers which tested positive for K2 synthetic marijuana and immediately an investigation was started. Both inmates were locked up and placed in VSM for restrictive housing along with their property under investigative status. On May 3, 2021 at approx. 3:00 pm I concluded my investigation based off the confidential statement and contraband found. ...

See Docket Entry 11, Exhibit 1A at CM/ECF 1. A disciplinary hearing was subsequently held, during which Anderson denied the violations. At the conclusion of hearing, he was convicted of four violations. The evidence supporting his conviction included the confidential statement and an F-1 statement from the charging officer. Anderson's punishment included punitive isolation for thirty days and a loss of 365 days of good time credit. He administratively appealed his conviction, but the appeal proved unsuccessful.

Anderson then began the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition and a supplemental petition, he challenged the disciplinary. He also alleged that he is being held in punitive isolation longer than the thirty days assessed for the disciplinary and alleged that he is being denied privileges which impair his right of access to the courts.

Anderson then filed the pending motion for preliminary injunction and/or temporary restraining order. See Docket Entry 6. In the motion, he alleged that he is being held in a "constant state of punitive isolation" and again alleged that he is being held in punitive isolation longer than the thirty days assessed for the disciplinary and is being denied privileges which impair his right of access to the courts.

Respondent Dexter Payne ("Payne") filed separate responses to Anderson's petitions for writ of habeas corpus and motion for preliminary injunction and/or temporary restraining order. In the response to Anderson's petitions for writ of habeas corpus, Payne asked that they be denied for the following reason:

> Anderson's challenge filed in this Court, that he is being held in punitive isolation, he was wrongfully found guilty of disciplinary violations, he is being denied access to the courts, to jailhouse lawyers, and to legal mail all concern conditions of confinement that are not cognizable in a habeas proceeding. [Citation omitted]. While Anderson does not explicitly challenge the discipline meted out as a result of his disciplinary violations other than the punitive isolation, his only colorable habeas claim is the removal of good time-credit. [Citation omitted]. Yet, this claim is not cognizable in Arkansas because good-time credit does not reduce the length of a state sentence and Anderson is ineligible for such credit because he is serving a life sentence. [Citation omitted]. ...

See Docket Entry 11 at CM/ECF 7. In the response to Anderson's motion for preliminary injunction and/or temporary restraining order, Payne asked that the motion be denied because Anderson has no chance of succeeding on the merits. Payne specifically maintained that Anderson is "impermissibly challenging the conditions of his confinement, while habeas relief is limited to challenging the validity of the underlying conviction or the duration of confinement." See Docket Entry 12 at CM/ECF 3.

Anderson filed a reply to Payne's responses. In the reply, Anderson maintained, in part, that he is seeking his release from custody, specifically, "from the very real custody of solitary confinement which is, in a sense, a jail within a jail." See Docket Entry 13 at CM/ECF 2. He additionally maintained that the disciplinary proceeding failed to comport with the requirements of due process.

The case at bar is remarkably similar to Crockett v. Kelley, Case No. 5:18-cv-00210-JM-JTR, 2019 WL 1590947 (E.D.Ark. 2019), report and recommendation adopted, 2019 WL 1590588 (E.D.Ark. 2019). In that case, Crockett was serving a life sentence in the custody of the ADC and came to be convicted of a disciplinary. His punishment for the disciplinary included the loss of five hundred days of good-time credits. He challenged the disciplinary by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he maintained that the disciplinary proceeding failed to comport with the requirements of due process and he was actually innocent of the disciplinary. He asked that the disciplinary be reversed and he be released from administrative segregation. United States District Judge James M. Moody, Jr., dismissed the petition on the recommendation of United States Magistrate Judge J. Thomas Ray. Judge Moody's reasons for doing so included the following:

A prisoner may maintain a procedural due process challenge to a prison disciplinary proceeding only if he is deemed to have a liberty interest sufficient to trigger the protections of the Fourteenth Amendment. Sandin v. Conner, 515 U.S. 472, 485-86 (1995); Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2002). Liberty interests arising from state law are limited to "freedom from restraint" which "impose[s] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." Sandin v. Connor, 515 U.S. 472, 484, 487 (1995).

In a habeas action, "[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (citing Preiser v. Rodriguez, 411 U.S. 475, 499 (1983)) (emphasis added); see also Spencer v. Haynes, 774 F.3d 467, 469-70 (8th Cir. 2014) (citing and applying Kruger). Thus, for Crockett's claims arising from the disciplinary proceeding to implicate a "liberty interest" capable of making them actionable under 2254, he must establish that the loss of 500 days of good-time credit served to lengthen his sentence. As the Court noted in Sandin, the "Due Process Clause itself does not create a liberty interest in credit for good behavior." Id. at 477. Instead, a court must look to the specific state statute in question to determine whether a liberty interest in good-time credit has been created by the state. Id.

Arkansas statutory law establishing good-time credit "plainly states '[m]eritorious good time will not be applied to reduce the length of a sentence,'" but instead impacts an inmate's "transfer eligibility date." McKinnon v. Norris, 366 Ark. 404, 408, 231 S.W.3d 725, 729 (Ark. 2006) (quoting Ark. Code Ann. 12-29-201(d) and (e)(1)) (emphasis added). In McKinnon, the Arkansas Supreme Court rejected the state habeas petitioner's claim that his prison sentence had been extended unlawfully because, following a prison disciplinary, his good-time credits were forfeited and his ability to earn future credits was

6

eliminated. According to the Court, "Arkansas has not created a liberty interest in good time under the constitutional analysis in Wolff v. McDonnell," (emphasis added). Id. at 408-409, 231 S.W.3d at 730.

The Court's legal conclusion in McKinnon is not binding on federal courts. However, courts in the Eastern District of Arkansas have reached the same conclusion under federal law. As United States Magistrate Judge Beth Deere reasoned in a Recommendation adopted by United States District Judge Leon Holmes:

> Instead of reducing the term of a prisoner's sentence, Arkansas's good-time statute reduces the time until the inmate is eligible for transfer, i.e., consideration of parole. Persechini v. Callaway, 651 F.3d 802, 808 (8th Cir. 2011).
>
> There is clearly a difference between being in the free world under supervision (parole) and being confined in a prison 24-hours a day, seven days a week, even though in both circumstances the inmate is serving his or her sentence. This stark difference is recognized by an inmate's liberty interest in the revocation of parole. But the Supreme Court has long noted the distinction between parole release and parole revocation. Greenholtz v. Inmates of the Neb. Penal and Corr. Complex, 442 U.S. 1, 99 S.Ct. 2100 (1979). The crucial difference is "between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires." Id. at 9. Under Arkansas law, good-conduct time reduces the length of time until an inmate is eligible for parole, but it does not reduce the length of the sentence itself. See Ark. Code Ann. 16-93-614 and Ark. Code Ann. 12-29-201(d).

> In sum, Mr. Roberts has a liberty interest in release at the expiration of his sentence; he does not have a liberty interest in the possibility of a conditional release prior to the expiration of his sentence. See Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011) (the federal constitution does not confer a right to be conditionally released before the expiration of a valid sentence).

Roberts v. Hobbs, Case No. 5:14-cv-00044-JLH-BD, 2014 WL 1345341, 2-3 (E.D.Ark. April 4, 2014), certificate of appealability denied, Case No. 14-1930 (8th Cir. Aug. 12, 2014). Thus, the Court concludes that the legal analysis in Roberts and McKinnon are persuasive and squarely support the denial of Crockett's claims.

Finally, Crockett's claims also fail for another reason: he is serving a life sentence. Under Arkansas law, "[i]nmates sentenced to life imprisonment shall not receive meritorious good time calculated on their sentences unless the sentence is commuted to a term of years by executive clemency," at which time the inmate "shall be eligible to receive meritorious good time." Ark. Code Ann. 12-29-201 (emphasis added); see also Hobbs v. Turner, 2014 Ark. 19, at 7, 431 S.W.3d 283, 287) ("Generally, in Arkansas, life means life" and parole is not a possibility.). Thus, unless Crockett's sentence is commuted by executive clemency, the amount of accrued good-time credits can have no possible impact on the length of his sentence. Crockett makes no showing that he is a likely candidate for executive clemency, which is rarely granted. Accordingly, Crockett has no "liberty interest" in the loss of good-time credits.

Because Crockett has failed to show that the loss of good-time credits will have any impact on the length of his sentence, his claim should be denied.

See Id. at 2019 WL 1590947, 2-4 (emphasis in original) (footnotes omitted). See also Rodriguez v. Kelley, Case No. 5:19-cv-00077-KGB-JTK, 2019 WL 8403589 (E.D. Ark. 2019), report and recommendation adopted, 2020 WL 1845230 (E.D. Ark. 2020) (no liberty interest in loss of good-time credits; habeas claim failed because no violation of Constitution or federal laws).

The legal analysis in Crockett is persuasive and warrants the denial of Anderson's claims as they do not involve the validity of his conviction or the length of his detention. Although habeas corpus relief may be available for the loss of good-time credits, such relief is not available here. Clearly, Anderson has a liberty interest in his release at the expiration of his sentence. He does not, however, have a liberty interest in the possibility of his conditional release prior to the expiration of his sentence, and his loss of 365 days of good time credit does not lengthen his sentence. He is also serving a life sentence. Unless his sentence is commuted, and he has made no showing that it might be, the amount of accrued good-time credits has no possible impact on the length of his sentence.[1]

---

[1] Even if the undersigned were to find that Anderson has a liberty interest triggering the due process clause, his claims warrant no relief. The record appears to establish that ADC officials complied with the requirements of Wolff v. McDonnell, 418 U.S. 539 (1974) (due process requires advance written notice, opportunity to present defense, and written explanation of decision). See Docket Entry 11, Exhibits 1A and 1B. In addition, "some evidence" supports the decision of the prison disciplinary board, see Superintendent v. Hill, 472 U.S. 445 (1985), specifically, the statement of the charging officer.

Anderson challenges his continued detention in solitary confinement, maintaining that it is, in a sense, a jail within a jail. The undersigned takes no position on whether solitary confinement is indeed a jail within a jail but simply notes that his claim cannot be adjudicated in a proceeding pursuant to 28 U.S.C. 2254. The more appropriate proceeding for his claim is one pursuant to 42 U.S.C. 1983. See Earl v. Norris, 884 F.2d 362 (8th Cir. 1989) (Eighth Amendment case pursuant to 42 U.S.C. 1983 in which prisoner claimed he was detained in punitive isolation for six days after disciplinary sentence reversed).[2]

Accordingly, the undersigned recommends that Anderson's petition and supplemental petition be dismissed. All pending motions should be denied as moot, all requested relief should be denied, and judgment should be entered for Payne.[3] A certificate of appealability should be denied because Anderson cannot make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).

---

[2] 42 U.S.C. 1983 is also the more appropriate proceeding for his access to the courts claim. See Cody v. Weber, 256 F.3d 764 (8th Cir. 2001).

[3] The pending motions are: (1) Anderson's motion for preliminary injunction and/or temporary restraining order, see Docket Entry 6; (2) his motion to consolidate this case with Orr v. Payne, Case No. 4:21-cv-00589-BRW-JTR, see Docket Entry 8; (3) his motion for order, see Docket Entry 17; (4) his motion for hearing, see Docket Entry 18; (5) Payne's motion to strike, see Docket Entry 20; (6) Anderson's motion for copies, see Docket Entry 21; and (7) his motion for disclosure, see Docket Entry 22.

RECOMMENDED this 26th day of August, 2021.

_____
UNITED STATES MAGISTRATE JUDGE